UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

WILLIAM HARRIS,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:17-cv-361

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

_____

**REPORT AND RECOMMENDATION[1] THAT: (1) THE NON-DISABILITY FINDING AT ISSUE BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (3) THIS CASE BE CLOSED**
_____

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Supplemental Security Income ("SSI") and/or Disability Insurance Benefits ("DIB"). [2] This case is before the Court upon Plaintiff's Statement of Errors (doc. 11), the Commissioner's memorandum in opposition (doc. 12), Plaintiff's reply (doc. 13 ), the administrative record (doc. 7),[3] and the record as a whole.

I.

A.    **Procedural History**

Plaintiff filed for DIB and SSI alleging a disability onset date of April 24, 2014. PageID 53. Plaintiff claims disability as a result of a number of alleged impairments including, *inter alia*, degenerative joint disease and obesity. PageID 55.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.
[2] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.1520 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Report and Recommendation to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.
[3] Hereafter, citations to the electronically-filed record will refer only to the PageID number.

After an initial denial of his applications, Plaintiff received a hearing before ALJ Gregory G. Kenyon on March 7, 2016. PageID 53. The ALJ issued a written decision on June 2, 2016 finding Plaintiff not disabled. PageID 53-64. Specifically, the ALJ found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of sedentary work,[4] "there are jobs that exist in significant numbers in the national economy that he can perform[.]" PageID 57-64.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 31-33. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

**B. Evidence of Record**

The evidence of record is adequately summarized in the ALJ's decision (PageID 53-64), Plaintiff's Statement of Errors (doc. 11), the Commissioner's memorandum in opposition (doc. 12), and Plaintiff's reply (doc. 13). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

## II.

**A. Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

---

[4] Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." *Id*. § 404.1567(a).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?;
2. Does the claimant suffer from one or more severe impairments?;

3

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1/;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

**III.**

On appeal, Plaintiff argues that the ALJ erred in: (1) addressing Listing § 1.02 (Major Dysfunction of a Joint(s)); (2) considering and accounting for his obesity throughout the opinion; (3) establishing that a significant number of jobs would be available to Plaintiff despite his impairments; and (4) assessing his credibility. PageID 845. In addressing Plaintiff's first and second errors in tandem, the Court finds reversible error and would direct the ALJ to consider Plaintiff's remaining arguments on remand.

The Listing of Impairments "describes impairments the SSA considers to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." *Rabbers*, 582 F.3d at 653 (*citing* 20 C.F.R. § 404.1525(a)) (internal quotations omitted). An ALJ is not required to "address every listing" or to "discuss listings that the applicant clearly does not meet." *Smith–Johnson v. Comm'r of Soc. Sec.*, 579 Fed. Appx. 426, 432 (6th Cir. 2014) (citations omitted). However, if the record evidence raises a "substantial question" regarding whether a plaintiff meets a listing, an ALJ's failure to discuss the relevant listing constitutes reversible error. *Id.; Reynolds v. Comm'r of Soc. Sec.*, 424 Fed. Appx. 411, 416 (6th Cir. 2011). To meet this standard, the "claimant

must point to specific evidence that demonstrates he [or she] reasonably could meet or equal every requirement of the listing." *Smith–Johnson*, 579 Fed.Appx. at 432 (citations omitted).

Listing § 1.02 provides as follows:

1.02 Major dysfunction of a joint(s) (due to any cause): Characterized by gross anatomical deformity (*e.g.,* subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s). With:

A. Involvement of one major peripheral weight-bearing joint (*i.e.,* hip, knee, or ankle), resulting in inability to ambulate effectively, as defined in 1.00B2b;

20 C.F.R. § Pt. 404, Subpt. P, App. 1.

At Step Three of his analysis, the ALJ held:

The claimant's musculoskeletal and mental impairments have been evaluated in the context of listings 1.02, 12.04, and 12.06. It is concluded that the claimant does not manifest clinical signs and findings that meet the specific criteria of any listings. In reaching this conclusion, the opinions of the state agency medical consultant have been considered.

PageID 56.

In determining whether a Plaintiff met or equalled a listing, "the ALJ needed to actually evaluate the evidence, compare it to Section [1.02] of the Listing, and give an explained conclusion, in order to facilitate meaningful judicial review. Without it, it is impossible to say that the ALJ's decision at Step Three was supported by substantial evidence." *Reynolds v. Comm'r of Soc. Sec.,* 424 F. App'x 411, 416 (6th Cir. 2011). Here, the ALJ gave no more than a conclusory statement, without so much as reciting the requirements of Listing § 1.02, before concluding that Plaintiff did not meet or equal the Listing. PageID 56. By so concluding, the ALJ committed reversible error. *Holliman v. Comm'r of Soc. Sec. Admin.*, No. 1:15-CV-699, 2016 WL 1739979, at *9–11 (N.D. Ohio Apr. 7, 2016), *report and recommendation adopted sub nom. Holliman v. Comm'r of Soc. Sec.,* No. 1:15-CV-00699-JRA, 2016 WL 1704339 (N.D. Ohio Apr. 27, 2016) (finding reversible error where the "ALJ did little more than state its requirements, and summarily assert Plaintiff did not meet the listing, even considering his

5

obesity in combination with his other impairments"); *Moss v. Astrue*, 555 F.3d 556, 563 (7th Cir. 2009); *Rabbers*, 582 F.3d at 654 (finding that a failure "to adequately consider whether [Plaintiff] in fact meets the [L]isting based on the provided examples such as an inability to walk a block at a reasonable pace on rough or uneven surfaces" is error).

The ALJ's error is particularly troublesome in this case because Plaintiff's obesity is a complicating factor which the ALJ must "consider… in combination with other impairments, at all stages of the sequential evaluation." *Shilo v. Comm'r of Soc. Sec.*, 600 F. App'x. 956, 959 (6th Cir. 2015). More specifically, "Listing 1.00Q requires that ALJ's consider any additional and cumulative effects of obesity in determining whether a claimant with obesity has a listing-level impairment or a combination of impairments." *O'Neill v. Colvin*, No. 1:13 CV 867, 2014 WL 3510982, at *15 (N.D. Ohio July 9, 2014) *citing* 20 C.F.R. Pt. 404, Subpt. P, Appx. 1, Listing § 1.00132b. The ALJ's perfunctory analysis does not provide this Court an opportunity to review whether the ALJ specifically considered Plaintiff's obesity in conjunction with his degenerative knee condition to meet or medically equal Listing § 1.02. *Reynolds,* 424 F. App'x at 416.

The ALJ's failure to provide a full discussion at Step Three may be harmless error where his findings at Step Four provide a sufficient basis for the Court to determine that no reasonable administrative fact finder would have resolved the matter differently. *Malone v. Comm'r of Soc. Sec.,* 507 Fed. Appx. 470, 472 (6th Cir. 2012) (finding that, "based on a review of the ALJ's decision as a whole, remand was not necessary even though the ALJ's decision contained only a conclusory statement regarding Step Three"). At Step Four, relevant to Plaintiff's ability to ambulate, the ALJ mentioned Plaintiff's aptitude to take walks at the mall for exercise, *see* PageID 56, and his nonuse of an ambulatory device. PageID 59. He also made a few cursory references to Plaintiff's obesity. PageID 59, 60. *See Shilo,* 600 Fed. Appx. at 962 (finding "the observation that Shilo weighed 436 pounds in October 2008; listing 'obesity' as the second of Shilo's 'severe impairments'; and the bare statement that '[Shilo's] obesity has been considered in combination with the back condition'" to be

insufficient analysis on the impact of Plaintiff's obesity on his ability to ambulate). The undersigned finds these Step Four findings not sufficiently conclusive and, consequently, a reasonable fact finder could have resolved the matter differently. *Kooser v. Comm'r of Soc. Sec.*, No. 3:15-CV-246, 2016 WL 4086982, at *4 (S.D. Ohio Aug. 2, 2016), *report and recommendation adopted sub nom. Kooser v. Colvin*, No. 3:15-CV-246, 2016 WL 4989945 (S.D. Ohio Sept. 16, 2016) (finding "this single consideration regarding Plaintiff's use of a cane should not end the inquiry because such example is not the only example of ineffective ambulation"). Indeed, the record includes evidence that appears supportive of the contrary conclusion, *i.e.* that Plaintiff was unable to ambulate effectively, especially when appropriately considering the extent of Plaintiff's obesity.

Most significantly, the record includes evidence that he walked with a limp after his 2000 car accident, PageID 591; a 2012 x-ray image of the right knee showing post-operative changes, moderate osteoarthritis, and findings suggestive of lateral subluxation of the patellofemoral joint, PageID 582; a 2014 x-ray imaging of Plaintiff's right and left knee showing moderate to severe degenerative changes, PageID 631-32; and evidence of surgery in August 2015 to remove screws from his leg, which did not alleviate his pain and necessitated the use of an ambulatory device at that time, PageID 716-19. Plaintiff also has a BMI of 61.4, which is well over the cut-off of 40 for Level III Extreme Obesity and the gravity of which was highlighted by all of the physicians in the record. *See Shilo,* 600 Fed. Appx. at 962 (finding a BMI of 53.7 to be "disturbing" in light of the cut-off for Level III obesity). Julia Ann Boyd, M.D., Plaintiff's treating physician, noted that he was morbidly obese. PageID 508. Damian Danopulos, M.D, a state agency consulting physician, opined that "Plaintiff's ability to do any work-related activities is affected and restricted from the combination of his unusual morbid obesity plus his right knee moderate arthritic changes and right upper leg arthralgias." PageID 576. The opinions of both state agency reviewing physicians also documented Plaintiff's "severe obesity." PageID 128, 173.

Finally, the undersigned notes that in determining Plaintiff's RFC, the ALJ relied on three state agency physicians, Maria Congbalay, M.D., Elaine Lewis, M.D., and Damian Danopulos, M.D., PageID 60, who formed opinions concerning Plaintiff's disability status without first conducting a full and complete review of the record. *Kelly ex rel. Hollowell v. Comm'r of Soc. Sec.*, 314 F. App'x 827, 831 (6th Cir. 2009) (finding remand necessary where new evidence renders previous opinions of reviewing physicians untenable). Dr. Danopulos examined Plaintiff in 2012; Dr. Lewis conducted her review in July 2014, PageID 139; and Dr. Congbalay reviewed Plaintiff's records in November 2014, PageID 175. As discussed *supra*, Plaintiff's medical record includes an April 2014 x-ray of his right knee that demonstrates "advanced degenerative changes." PageID 631. The files reviewed by the state agency physicians in 2014, however, do not include this x-ray.[5] PageID 124-26, 169-72. Consequently, none of the three state agency physicians had the benefit of reviewing the most severe of Plaintiff's objective medical records in conjunction with his severe obesity. This consideration provides additional reasoning that a reasonable fact finder, at the administrative hearing, could have concluded, based upon the most contemporary objective medical evidence, that Plaintiff was not able to ambulate effectively.

Based on the foregoing, the ALJ's conclusion -- that Plaintiff did not meet or equal Listing § 1.02(A) -- is deemed unsupported by substantial evidence. Accordingly, the ALJ's non-disability finding should be reversed.

## IV.

When the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to remand the matter for rehearing or to award benefits. Generally, benefits may be awarded immediately "if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human*

---

[5] The opinion given by Dr. Danopulos was authored in 2012 and the ALJ acknowledged that his opinion was not based on a complete review of Plaintiff's medical records. PageID 60.

*Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990). The Court may only award benefits where proof of disability is strong and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence, or where proof of disability is overwhelming. *Faucher*, 17 F.3d at 176; *see also Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). In this instance, evidence of disability is not overwhelming, and remand for further proceedings -- as specifically set forth above -- is proper.

## V.

**IT IS THEREFORE RECOMMENDED THAT:** (1) the Commissioner's non-disability finding be found unsupported by substantial evidence, and **REVERSED**; (2) this matter be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and (3) this case be **CLOSED**.

Date:   January 4, 2019                              s/ Michael J. Newman
                                                     Michael J. Newman
                                                     United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).